# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

| | |
|---|---|
| **TODD TERRELL** | **PLAINTIFF** |
| **V.** | **NO. 4:09CV2-P-D** |
| **JAMES BREWER, et al.,** | **DEFENDANTS** |

## REPORT AND RECOMMENDATION

The Plaintiff Todd Terrell has filed a motion for temporary restraining order and preliminary injunction. He is seeking a protective order from certain prison officials and to be housed in a "safe facility."

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 460 F.2d 618 (5th Cir. 1985). The grant or denial of a motion for injunctive relief rests in the sound discretion of the trial court. *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). The movant must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). These requirements are not subject to balancing, but rather each element must be met before the court can grant such a drastic remedy. *Miss. Power & Light*, 760 F.2d at 621. This court pays more than lip service to the axiom that a preliminary injunction is an

extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249.  It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Miss. Power & Light,* 760 F.2d at 621) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

Terrell alleges that he is being retaliated against as a result of initiating this civil action.  He complains that Defendant Sturdivant, a corrections officer, has been verbally harassing him.  Terrell would like the court to have him moved to a "safe facility."  It is well settled that verbal abuse by a prison guard does not give rise to a cause of action under § 1983.  *See Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993), *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997).  Verbal threats or unprofessional conduct by a guard is not worthy of § 1983 relief.  *See Taylor v. Milton*, No. 04-60569, 2005 WL 352637 at * 1, (5th Cir. Feb. 15, 2005) (no 1983 claim for damages where guards confiscated legal work at gunpoint, where prisoner did not allege a physical injury).

Terrell's motion for injunctive relief is less than two pages in length. He was allowed to elaborate upon his motion at the *Spears* hearing held on March 5, 2009.  The motion nor Terrell personally addressed much less met all four prerequisites for the relief sought.  Accordingly, the undersigned recommends that the motion for temporary restraining order and for preliminary injunction be denied.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date.  Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the

proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

THIS the 10th day of March, 2009.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE