IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TODD TERRELL                                                                              PLAINTIFF

V.                                                              CIVIL ACTION NO.4:09CV2-DAS

JAMES BREWER, ET AL.                                                              DEFENDANTS

MEMORANDUM OPINION

This case was tried before the undersigned on March 19, 2012, with the consent of the parties pursuant to 28 U.S.C. § 636(c)(1). This case was originally scheduled for trial by jury, but on the day of trial, both parties waived the right to trial by jury. The following is the court's finding of facts and conclusions of law.

Findings of Fact and Conclusions of Law

The plaintiff called three witnesses; two inmates and a corrections officer. From their testimony, the court gleaned that Todd Terrell was a protective custody inmate in Unit 29. He was involved in multiple altercations with fellow inmate, Johnny Magee. A review of the rules violation reports created for both Terrell and Magee show that each had thrown urine on the other at different times.

In late 2008, Magee heated water and threw it into Terrell's cell. Richard Dickerson testified that the defendant corrections officer, Sharon Bradley, had let Magee out of his cell immediately prior to the incident with the hot water. A rule violation report created by Bradley confirms this incident.

Finally Magee got out of his cell, when it should have been locked, and attacked Terrell in the dayroom. This time Magee attacked Terrell with a brick or stone placed in a sock. There was testimony that the tower, which should have been manned, was unmanned at the time of this

incident, but there was no showing of whom may have been responsible for this omission. Another rule violation report confirms this attack.

Finally, Terrell sought to elicit testimony from a corrections officer, Captain Beverly Shelly, who was not a defendant, regarding a conversation he had with her. During this conversation she purportedly admitted to certain inadequacies in the running of the protective custody unit. Shelly denied any recollection of such a conversation, a denial that the court finds is not credible.

The plaintiff then rested his case. After the defense moved to dismiss the case, the court offered to allow the plaintiff to reopen his case and invited the plaintiff to testify. He declined. Other than the one brief reference to Sharon Bradley, no testimony mentioned any defendant by name. There was no testimony regarding any wrongful act or omission by any of the defendants, including Bradley.

In order to prevail, the plaintiff must allege and prove that each of the defendants acted with reckless disregard and deliberate indifference in failing to prevent these attacks against Terrell. To prove deliberate indifference it must be shown that each defendant knew facts from which an inference can be drawn that a substantial risk of harm to Terrell existed, and that each defendant, in fact, drew the inference of such substantial risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Negligent conduct alone does not give rise to liability. *Daniels v. Williams*, 474 U.S. 327 (1986), *Davidson v. Cannon*, 474 U.S. 344 (1986).

There was no testimony concerning any knowledge, specific to any defendant, that there was an "excessive" risk to Terrell's safety vis-a-vis Magee. The correspondence introduced at trial between Terrell and the defendants, Kelly and Flagg, showed only Terrell's complaint of

threats from inmates he refused to identify. No proof connects these threats with Magee's attacks. The documentary proof also shows that Terrell did not "red-tag" Magee until after the last attack. Red tagging allows inmates to identify others they perceive to be a threat to their safety. Red-tagging would have required that Terrell and Magee be housed separately.

After hearing the defendants' motion for judgment as a matter of law, the court considered all of the evidence – not just the evidence that supports the non-movant's case – in the light and with all reasonable inferences most favorable to the plaintiff, but finds the facts and inferences point so strongly and overwhelmingly in favor of defendants that the court believes no reasonable person could arrive at a contrary conclusion. *Boeing v. Shipman*, 411 F.2d 365, 374 (5th Cir.1969) (en banc), overruled on other grounds by *Gautreaux v. Scurlock Marine Inc.*, 107 F.3d 331 (5th Cir.1997) (en banc). Consequently, the defendants are each entitled to judgment as a matter of law.

The court finds that the motion for judgment as a matter of law should be granted. The complaint should be dismissed with prejudice and judgment entered for the defendants.

This the 20th day of March, 2012.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE